**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| Julie Paulus, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.    1:12-cv-1433 |
| Pride Acquisitions, LLC, a Delaware, limited liability company, and Baker Sanders, LLC, a New York limited liability company, f/k/a Baker, Sanders, Barshay, Grossman, Fass, Muhlstock & Neuwirth, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT – CLASS ACTION

Plaintiff, Julie Paulus, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

### PARTIES

3.      Plaintiff, Julie Paulus ("Paulus"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect

a delinquent consumer debt allegedly owed originally to Chase Bank USA.

4.      Defendant, Pride Acquisitions, LLC ("Pride") is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Pride was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

5.      Defendant Pride is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors.

6.      Although Defendant Pride acts as a collection agency in Indiana, it is not licensed to do so, see, records from the Indiana Secretary of State, Securities Division, attached as Exhibit A.

7.      Defendant, Baker Sanders, LLC ("Baker") is a New York limited liability company, and law firm, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  In fact, Baker was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

**ACTUAL ALLEGATIONS**

8.      Defendants sent Ms. Paulus an initial form collection letter dated October 18, 2011, attempting to collect a debt she allegedly owed originally to Chase Bank USA. Specifically, this letter stated that it was sent "RE: Alleged Creditor: PRIDE

ACQUISITIONS, LLC", that there was an "Alleged Current Balance Due *$59,047.86", but then further stated "*Please note that interest is continuing to accrue against your principal at 29.99% from 04/30/2010*".  A copy of this letter is attached as Exhibit B.

9.     Defendant Pride was required by the Indiana Collection Agency Act, IC § 25-11-1, et seq., to be licensed as a collection agency to buy Ms. Paulus' Chase Bank USA debt and to try and collect this debt in Indiana; however, Defendant Pride was not licensed as a collection agency in Indiana.

10.    All of the collection actions at issue occurred within one year of the date of this Complaint.

11.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692g(a)(1) Of The FDCPA –**
**Failure To State Adequately The Amount Of The Debt**

12.    Plaintiff adopts and realleges ¶¶ 1-11.

13.    Section 1692g(a)(1) of the FDCPA requires that the debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt that it is seeking to collect, see 15 U.S.C. § 1692g(a)(1).

14.    Defendants' letter, by stating "Alleged Current Balance Due * $59,047.86" and further stating "**Please note that interest is continuing to accrue against your principal at 29.99% from 04/30/2010**", would leave a consumer not knowing the amount of the debt it was attempting to collect.  Thus, Defendant has failed to state adequately the total amount of the debt it was seeking to collect in violation of § 1692g(a)(1) of the

3

FDCPA. <u>See</u>, <u>Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C.</u> 214 F.3d. 872 (7th Cir. 2000); <u>Pickard v. Lerch</u>, 2005 WL 1259629 (S.D. Ind. 2005).

15.     Defendants' violations of § 1692g(a)(1) of the FDCPA render them liable for statutory damages, costs and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692e Of The FDCPA --**
**Acting As A Collection Agency When Not Licensed As Such**

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, <u>see</u> 15 U.S.C. § 1692e(2)(A).  Moreover, debt collectors are barred from threatening any action that the collector cannot legally take, <u>see</u>, 15 U.S.C. § 1692e(5).

18.     Defendant Pride's buying, and attempting to collect upon, a defaulted consumer debt in Indiana, when it was unlicensed and thus had no right to do so, and Defendant Baker's assistance of Pride in its illegal collection actions, violates § 1692e of the FDCPA.

19.     Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT III**
**Violations Of § 1692f Of The FDCPA --**
**Use of Unfair or Unconscionable Collection Means**

20.     Plaintiff adopts and realleges ¶¶ 1-11.

21.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f(1).

22.     Defendants' failure to state the full amount of the debt constitutes the use of unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

23.     Moreover, Defendant Pride's buying, and attempting to collect upon, a defaulted consumer debt in Indiana, when it was unlicensed and had no right to do so, and Defendant Baker's assistance of Pride in its illegal collection actions, constitutes the use of unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

24.     Defendants' violation of § 1692f of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692g(a)(2)**
**Failure To Effectively Identify Name Of**
**The Current Creditor To Whom The Debt Is Owed**

25.     Plaintiff adopts and realleges ¶¶ 1-11.

26.     Section 1692g of the FDCPA requires that, within 5 days of a debt collector's first communication to a consumer, the debt collector must provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

27.     Defendants' form collection letter states "RE: Alleged Creditor: PRIDE ACQUISITIONS, LLC".  Defendants' letter, stating the Pride Acquisitions was the

5

"Alleged Creditor", would leave anyone, let alone the unsophisticated consumer, confused as to the identity of the creditor– was Defendant Pride the current creditor or was it not?   Thus, Defendants' collection letter failed to convey effectively the name of the current creditor, in violation of § 1692g(a)(2) of the FDCPA.

28.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

29.     Plaintiff, Julie Paulus, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed originally to Chase Bank USA, via the same form collection letter (Exhibit B), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

30.     Defendants regularly engage in debt collection, using the same form collection letter it sent Plaintiff Paulus, in its attempts to collect delinquent consumer debts from other persons.

31.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Paulus.

32.     Plaintiff Paulus' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought

6

on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

34.     Plaintiff Paulus will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Paulus has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Julie Paulus, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Paulus as Class Representative of the Class, and her attorneys as Class Counsel;

3.     Find that Defendants' form collection letter violates the FDCPA;

4.      Enter judgment in favor of Plaintiff Paulus and the Class, and against

Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided

by § 1692k(a) of the FDCPA; and,

5.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Julie Paulus, individually and on behalf of all others similarly situated,

demands trial by jury.

Julie Paulus, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  October 4, 2012

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com

8