UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE PAULUS individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PRIDE ACQUISITIONS, LLC a Delaware, limited liability company, )<br>BAKER SANDERS, LLC formerly known as BAKER, SANDERS, BARSHAY, GROSSMAN, FASS, MUHLSTOCK & NEUWIRTH;  a New York limited liability company, )<br>)<br>Defendants. ) | No. 1:12-cv-01433-LJM-MJD |

**ORDER DENYING DEFENDANTS'
MOTION FOR A PROTECTIVE ORDER [DKT. 35]**

This matter is before the Court on Defendants' Motion for a Protective Order.  [Dkt. 35.] The motion was heard at a telephonic hearing on February 4, 2013, in which both Plaintiff and Defendants were represented by counsel.  The Court, being duly advised, now **DENIES** the Motion for Protective Order as follows:

Defendants Pride Acquisitions, LLC and Baker Sanders, LLC filed a Motion for Protective Order seeking to stay discovery on January 14, 2013.  [Dkt. 35.] Defendants' counsel clarified on the record at the February 4, 2013 telephonic hearing that Defendants' Motion relates only to class discovery and does not seek to stay all discovery in this matter.

Defendants' Motion for Protective Order is not properly before the Court because it fails to comply with Southern District of Indiana Local Rule 37-1, as well as the Case Management

Plan entered by the Court on December 13, 2012 [Dkt. 23].  Local Rule 37-1 requires parties to meet and confer in good faith prior to filing discovery motions:

> **(a) Required Actions Prior to Court Involvement.** Prior to involving the court in any discovery dispute, including disputes involving depositions, counsel must confer in a good faith attempt to resolve the dispute. If any such dispute cannot be resolved in this manner, counsel are encouraged to contact the chambers of the assigned Magistrate Judge to determine whether the Magistrate Judge is available to resolve the discovery dispute by way of a telephone conference or other proceeding prior to counsel filing a formal discovery motion. When the dispute involves an objection raised during a deposition that threatens to prevent completion of the deposition, any party may recess the deposition to contact the Magistrate Judge's chambers.
>
> **(b) Requirements of Motion to Compel.** In the event that the discovery dispute is not resolved at the conference, counsel may file a motion to compel or other motion raising the dispute. Any motion raising a discovery dispute must contain a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties. The court may deny any motion raising a discovery dispute that does not contain such a statement.

Here, Defendants did not engage in a Local Rule 37-1 conference prior to filing their Motion to Compel.  Defendants failed to identify the "date, time, and place of any discovery conference and the names of all participating parties" in their Motion as required by L.R. 37-1.  Defendants state in their motion that "Defendants have, through counsel, in good faith, attempted to confer with Plaintiff's counsel in an effort to resolve the dispute without court action, but such effort went unanswered;" however, Defendants' counsel's Affidavit shows that Defendants failed to comply with the requirements of L.R. 37-1.  *See* Motion at p. 2; Decl. of David Barshay, at ¶ 2.  Counsel for Defendants, David M. Barshay, states in his Declaration, that "[o]n January 13, 2013, I emailed counsel for Plaintiff, to advise that Defendants were filing a dispositive motion and that I was seeking his consent of a stay of discovery pending a decision on the motion." [Dkt. 35-1, Declaration of David M. Barshay, Esq., at ¶ 2.]

A single email does not satisfy the good faith meet and confer requirement of L.R. 37-1. *Loparex, LLC v. MPI Release Techs., LLC*, Case No. 1:09-cv-1411-JMS-TAB, 2011 WL 1871167, at *2 (S.D. Ind. May 16, 2011) ("An electronic ultimatum is not a good faith attempt to resolve a discovery dispute.") ("Plaintiff's counsel's email missive does not satisfy the local rule."); *see also Lewis v. Saint Margaret Mercy*, Civil No. 2:11-cv-313, 2013 WL 214239, at *3 (N.D. Ind. Jan. 17, 2013) ("Fed. R. Civ. P. 37(a) envisions a genuine two-way communication where the parties engage in a meaningful dialogue to resolve the issues without judicial intervention."). Defendants' single email on a Sunday evening, prior to filing the Motion for Protective Order only twenty-four hours later, does not satisfy the local rule requirement of meeting and conferring in good faith prior to filing a motion related to a discovery dispute. It is within the Court's discretion to deny a discovery motion that is filed without "a statement setting forth the efforts taken to resolve the dispute, including the date, time, and place of any discovery conference and the names of all participating parties." L.R. 37-1(b) ("The court may deny any motion raising a discovery dispute that does not contain such a statement."). The Court does so here.

The Court reminded the parties of their meet and confer obligations under L.R. 37-1 in the Case Management Plan entered one month prior to Defendants filing their Motion for Protective Order. The Case Management Plan further requires the parties to seek a telephonic conference with the Magistrate Judge *prior* to filing a motion for protective order. On page 9 of the Case Management Plan, the Court ordered that "[i]f the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, *the parties will request a telephonic status conference prior to filing any disputed motion* to compel or *for protective order*." [Dkt. 23 (emphasis added).] Here, Defendants did not request a telephonic status conference prior to

filing their Motion for Protective Order. The Court finds that because Defendants failed to satisfy the requirements of L.R. 37-1 and this Court's Case Management Order, the Motion for Protective Order is DENIED.

Furthermore, even if Defendants had complied with L.R. 37-1 and satisfied the requirements of the Case Management Plan, Defendants' Motion for Protective Order would be denied on its merits. Whether to enter a protective order is within the sound discretion of the Court. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). Defendants bear the burden of establishing good cause for their requested protective order; and insufficient cause has been shown here. *Id.*; *see also* Fed. R. Civ. P. 26(c)(1). "To establish good cause [for a protective order], a party must submit 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Felling*, 211 F.R.D. at 554 (citation omitted). Defendants make no objection that Plaintiff's class discovery requests are not reasonably calculated to lead to the discovery of admissible evidence. In fact, "Defendants do not argue, as Plaintiff suggests, that Plaintiff is not entitled to discovery concerning 'class size and net worth.'" Defendants' Reply, Dkt. 47, at p. 1. Defendants' Motion contains generic statements that until the Court rules on Defendants' summary judgment motion, they "should be relieved of the time, annoyance, undue burden, and undue expense involved in responding to lengthy and detailed production requests and other time-consuming discovery procedures." Motion at p. 1-2.[1] This type of conclusory statement is insufficient to satisfy the good cause requirement for a protective order pursuant to Fed. R. Civ. P. 26(c).

---

[1] Although Defendants make reference to the confidential and private nature of some of the documents requested by Plaintiff, the Defendants sought protection related to the production of these documents [Dkt. 46]. The Court has entered a Protective Order to address the production of these documents, and, thus, the confidential nature of the requested documents no longer presents an impediment to discovery. [Dkt. 49.]

Although some limited circumstances exist in which it may be appropriate for the Court to stay class discovery pending the ruling on a dispositive motion, those circumstances do not exist in this case. In a case where plaintiff seeks a tremendous amount of information and defendant has put forth a straightforward dispositive motion with uncontested facts, a stay of class discovery pending the resolution of the dispositive motion may result in greater judicial and party economy. *See, e.g., Blake v. Fin. Mgmt. Sys., Inc.*, Case No. 11-C-612, 2011 WL 4361560, at *2 (N.D. Ill. Sept. 19, 2011); *Talley v. NCO Fin. Sys., Inc.*, Case No. 2:06-cv-48-PPS-PRC, at *2 (N.D. Ind. Oct. 12, 2006) (after noting that the defendant's motion for summary judgment would be briefed shortly, "the Court finds that, in this case, it is in the interests of judicial economy and efficiency for the Court to rule on the motion for summary judgment prior to the motion for class certification . . . .").

For example, in *Blake v. Financial Management Systems, Inc.*, the summary judgment motion at issue was "relatively straightforward" and based on "six singular" and "uncontested" facts. *Blake*, 2011 WL 4361560, at *2. The court found that a determination of the threshold issues in the defendant's motion for summary judgment would assist the parties and court considering class certification and focus relevant discovery if the case proceeded beyond summary judgment. *Id.* This is not the case here. Here, Defendants' Motion for Summary Judgment [Dkt. 34] contains 16 facts that Plaintiff contends are in dispute. Defendants' summary judgment motion is supported by two separate affidavits and three additional exhibits. Plaintiff states that "Defendants' summary judgment motion is based on assertions of factual matters which are in dispute . . . ." [Dkt. 48, at ¶ 10.] Plaintiff has requested, pursuant to Fed. R. Civ. P. 56(d), that the Court deny Defendants' summary judgment motion or defer the motion until Plaintiff has had an opportunity to conduct discovery related to the facts relied upon in

Defendants' motion for summary judgment, including taking the depositions of the affiants. *Id*. Unlike the dispositive motion in *Blake*, the dispositive motion here is not based on a few singular, uncontested facts, but, rather, several *contested* facts for which Plaintiff has indicated a need to conduct at least two depositions and written discovery before she will be in a position to respond.

Defendants have failed to satisfy their burden of establishing good cause to stay class discovery pending a ruling on Defendants' Motion for Summary Judgment. Moreover, Defendants have failed to comply with L.R. 37-1 and the Case Management Plan with regard to their meet and confer efforts prior to filing their Motion for Protective Order. As a result, in the Court's discretion for the reasons stated herein, the Court **DENIES** Defendants' Motion for Protective Order [Dkt. 35].

Date: 02/05/2013

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Steven James Halbert
shalbertlaw@aol.com

David J. Philipps
PHILIPPS & PHILIPPS LTD
davephilipps@aol.com

Mary E. Philipps
PHILIPPS & PHILIPPS, LTD
mephilipps@aol.com

David M. Barshay
THE BARSHAY LAW FIRM, PLLC
dbarshay@bakersanders.com